UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PABLO TRUJILLO,

          Movant,

-against-

          07 Civ. 11534 (LAK)
          (01 Crim. 1077 (LAK))

UNITED STATES OF AMERICA,

          Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED 2/5/08

## ORDER

LEWIS A. KAPLAN, *District Judge.*

      Movant was convicted after a jury trial of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) and sentenced principally to a term of imprisonment of 120 months. He appealed from the judgment, but subsequently withdrew his appeal. 01 Crim. 1077, DI 36.

      On December 26, 2007, he filed under the criminal docket number indicated above a motion, pursuant to Fed. R. Civ. P. 60(b), to vacate the judgment "and re-sentence him." 07 Civ. 11534, DI 1. The motion was docketed under 07 Civ. 11534 and incorrectly described on the docket sheet as a motion to vacate under 28 U.S.C. § 2255.

      On the same day, Chief Judge Wood entered an order directing that "movant . . . show cause by affirmation whether he wishes to pursue relief under 28 U.S.C. 2255 either by submitting the attached Affirmation or withdrawing the submission and filing a motion pursuant to 28 U.S.C. 2255." The order further stated that "he should include in his affirmation why the statute of limitations should not bar his 28 U.S.C.2255 motion."

      Movant subsequently submitted an affirmation in which he states that "[t]he instant application should <u>not</u> be construe [*sic*] as a motion pursuant to 28 U.S.C. § 2255." He goes on to argue that the motion is not time barred "because movant at this time has not submitted any

application or Motion under 28 U.S.C. § 2255 to this court."[1]

       I see no reason not to take movant at his word and therefore decline to treat his motion as seeking relief under 28 U.S.C. § 2255. Federal Rule of Civil Procedure 60(b), however, does not apply in criminal cases. *E.g., United States v. Graham*, 248 Fed. Appx. 929 (10th Cir. 2007); *United States v. Pope*, 124 Fed. Appx. 680, 682 (2d Cir. 2005) (Rule 60(b) motion not appropriate vehicle for challenging criminal conviction because it applies only to suits of a civil nature); *see United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965).

       Accordingly, the motion is denied. The Clerk shall close the case.

       SO ORDERED.

Dated:     February 5, 2008

*[signature]*
Lewis A. Kaplan
United States District Judge

---

[1] For reasons that remain a mystery, this affirmation, despite being captioned with the 07 Civ. 11534 docket number, was docketed under 01 Crim. 1077.